NATHAN KRUEGER,
on behalf of himself and
all others similarly situated,

        Plaintiff,

      v.

MARZ & ASSOCIATES, LLC
N5999 Campground Road
Shawano, Wisconsin 54166

      and

ZACHARY ZIRBEL
N5999 Campground Road
Shawano, Wisconsin 54166

        Defendants

Case No. 22-cv-313

**COLLECTIVE ACTION
COMPLAINT PURSUANT
TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), with individual claims and causes of action under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), by Plaintiff, Nathan Krueger, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendants, Marz & Associates, LLC and Zachary Zirbel, for purposes of obtaining relief under the FLSA and

WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) failing to compensate said employees for travel time throughout the workday, in violation of the FLSA and WWPCL; and (2) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

3.      Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants reside and/or are headquartered in, and have substantial and systematic contacts in, this District.

## PARTIES

7.     Plaintiff, Nathan Krueger, is an adult male resident of the State of Wisconsin residing at 40 16th Street, Clintonville, Wisconsin 54929.

8.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

9.     Defendant, Marz & Associates, LLC, is an entity doing business in the State of Wisconsin with a principal office address of N5999 Campground Road, Shawano, Wisconsin 54166.

10.     Defendant Marz & Associates is a construction company.

11.     Defendant, Zachary Zirbel, was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of N5999 Campground Road, Shawano, Wisconsin 54166.

12.     Defendant Zirbel co-owns, operates, and manages Defendant Marz & Associates.

13.     For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

14.     For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

15. During the relevant time periods as stated herein, Defendant Marz & Associates was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

16. During the relevant time periods as stated herein, Defendant Marz & Associates employed more than two (2) employees.

17. During the relevant time periods as stated herein, Defendant Marz & Associates' annual dollar volume of sales or business exceeded $500,000.

18. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of General Laborer based out of Defendants' Shawano, Wisconsin location alongside other hourly-paid, non-exempt employees performing the same or similar job duties and responsibilities.

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other similarly-situated current and former hourly-paid, non-exempt employees performed compensable work and similar job duties at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge and who were all subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

21. During the relevant time periods as stated herein, Defendant Zirbel was an "employer" as that term is defined under the FLSA and/or the WWPCL.

22. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

23.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

24.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

25.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

26.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel established Plaintiff's and all other hourly-paid, non-exempt employees' hourly rates of pay and means of compensation.

27.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

28.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant Zirbel.

29.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Zirbel controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

## GENERAL ALLEGATIONS

31.     In approximately September 2021, Defendants hired Plaintiff as an hourly-paid, non-exempt employee in the position of General Laborer working at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge in the State of Wisconsin.

32.     During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

33.     During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

34.     In approximately February 2022, Plaintiff's employment with Defendants ended.

35.     On a daily basis during Plaintiff's employment with Defendants, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge.

36.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

37.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

39.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees for travel time throughout the workday, in violation of the FLSA and WWPCL.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained an electronic time-clock system (hereinafter simply "Defendants' electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

49. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and at the beginning of each work day, Defendants required and expected Plaintiff and all other hourly-paid, non-exempt employees to meet at and travel from Defendants' Shawano, Wisconsin location to job sites in order to commence performing their respective job duties at said job sites.

51.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees for travel time from Defendants' Shawano, Wisconsin location to job sites at the beginning of each work day.

52.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and at the end of each work day, Defendants required and expected Plaintiff and all other hourly-paid, non-exempt employees to collectively travel from job sites back to Defendants' Shawano, Wisconsin location in order to conclude performing their respective job duties.

53.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees travelled from job sites back to Defendants' Shawano, Wisconsin location in order to conclude performing their respective job duties each work day on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction.

54.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routine when travelling from job sites back to Defendants' Shawano, Wisconsin location in order to conclude performing their respective job duties each work day was as follows: travel from various job sites back to Defendants' Shawano, Wisconsin location in company-issued and company-owned vehicles and trailers; arrive at Defendants' Shawano, Wisconsin location; unload tools, batteries, and other various items and equipment from the company-issued and company-owned vehicles and trailers and physically store them at Defendants' Shawano, Wisconsin location; prep the company-issued and company-owned vehicles and trailers for the next day's

shift and trip to the jobsite(s); and travel in their personal vehicles from Defendants' Shawano, Wisconsin location back to their respective homes.

55.     Each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants directed, required, and/or expected Plaintiff and all other hourly-paid, non-exempt employees to "clock out" via Defendants' electronic timekeeping system at the various job sites prior traveling back to Defendants' Shawano, Wisconsin location from said job sites in company-issued and company-owned vehicles and trailers.

56.     Each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), and in accordance with Defendants' directives, requirements, and/or expectations, Plaintiff and all other hourly-paid, non-exempt employees customarily "clocked out" via Defendants' electronic timekeeping system at the various job sites prior traveling back to Defendants' Shawano, Wisconsin location from said job sites in company-issued and company-owned vehicles and trailers.

57.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful policy, practice, custom, and/or scheme failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for travel time from job sites back to Defendants' Shawano, Wisconsin location in order to conclude performing their respective job duties as described herein each work day.

58.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants also failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

59.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

60.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendants provided to Plaintiff and all other hourly-paid, non-exempt employees was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to said employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

61.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and all other hourly-paid, non-exempt employees' regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

62.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

63.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or were aware that their pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all travel time throughout the work day as described herein.

64.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

65.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

66.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendants suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

67.     Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

68.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

69.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

70.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

71.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice: did not compensate the FLSA Collective for travel time throughout the workday; and did not include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

72. The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

73. The FLSA Collective claims may be pursued by those who affirmatively opt-in to this case, pursuant to 29 U.S.C. § 216(b).

74. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

75. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

76. Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

77. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations or facilities in areas where postings are normally made.

78.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

### FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages (Travel Time)
### <u>(Plaintiff on behalf of himself and the FLSA Collective)</u>

79.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

80.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

81.     At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

82.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

83.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

84.     Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice failed to compensate the FLSA Collective for all travel time throughout the work day, and by failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

85.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

86.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are covered employers under the FLSA, 29 U.S.C. § 203(b).

87.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

88.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

89.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Non-Discretionary Compensation)**
**(Plaintiff on behalf of himself and the FLSA Collective)**

90.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

91.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

92.     At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

93.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

94.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

95.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

96.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

97.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are covered employers under the FLSA, 29 U.S.C. § 203(b).

98.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

99.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

100.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### THIRD CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, individually)

101.    Plaintiff, on behalf of himself, reasserts and incorporates all previous paragraphs as if they were set forth herein.

102.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

103. At all relevant times, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

104. At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

105. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

106. During Plaintiff's employment with Defendants, Defendants willfully failed to compensate Plaintiff for all travel time through the work day and failed to include all forms of non-discretionary compensation in Plaintiff's regular rates of pay for overtime calculation purposes, resulting in overtime violations of the WWPCL when Plaintiff worked in excess of forty (40) hours in a workweek.

107. As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

108. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

# FOURTH CLAIM FOR RELIEF
## Violations of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage
### (Plaintiff, individually)

109.    Plaintiff, on behalf of himself, reasserts and incorporates all previous paragraphs as if they were set forth herein.

110.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

111.    At all relevant times, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

112.    At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

113.    During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

114.    During Plaintiff's employment with Defendants, Plaintiff was entitled to payments from Defendants at his agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked each work day, pursuant to Wis. Stat. § 109.03.

115.    During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked on their behalf, with their knowledge, for their benefit, and/or at their direction, in accordance with Wis. Admin. Code § DWD 272.

116.    During Plaintiff's employment with Defendants, Defendants willfully failed to compensate Plaintiff for all travel time through the work day, resulting in violations of the

WWPCL by Defendants failing to compensate Plaintiff with regular wages and/or an agree-upon wage when Plaintiff did not work in excess of forty (40) hours in a workweek.

117. As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

118. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

c) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing and requiring Defendants to compensate Plaintiff for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which he was not paid, in addition to liquidated damages, pursuant to the WWPCL;

f) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 11th day of March, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com